Carol Joseph McLEOD, Appellant,

v.

The STATE of Texas, Appellee.

No. 42481.

Court of Criminal Appeals of Texas.

Jan. 14, 1970.

Rehearing Denied March 4, 1970.

John W. O'Dowd, John J. Browne, Houston, for appellant.

Carol S. Vance, Dist. Atty., and James C. Brough and Ray Montgomery, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The conviction is for the possession of heroin; the punishment, twenty years.

Appellant contends that the trial court erred in overruling his motion to suppress the evidence, because officers of the Houston Police Department did not have probable cause to make the arrest and seize the heroin.

Officer Bell testified out of the presence of the jury that he had known appellant for approximately four years and knew him to be a "dope" addict and burglar. Some two weeks before the arrest, he had a complaint and went to appellant's apartment and talked to him. Appellant told him then that he was "shooting about a half a paper (of heroin) a day."

Officer Bell testified before the jury that on the day of the arrest he and Officers Jackson and Liles saw appellant stand-ing inside and looking out a washateria window. They placed him under surveillance and saw him go to an automobile that drove up, lean in and place his hand inside the window and make an exchange with the driver of the automobile. Appellant then went toward the washateria to a pickup truck, got in on the passenger side and closed the door and another man entered on the driver's side. As Officer Bell approached, appellant put a folded paper inside his mouth. Officer Bell further testified that the paper contained heroin, because the heroin sold on the drug market in Houston came in that type of paper, and he had seen many such papers. He also testified that he was reassured that appellant was committing a felony when he attempted to swallow the paper, and then decided to arrest him. Bell then grabbed appellant by the throat, put his finger in his mouth, and before he recovered the paper of heroin, appellant bit his finger.

The record reflects that the contents of the paper seized weighed one-half gram and contained thirteen per cent pure heroin.

Records of appellant's prior felony convictions for burglary and possession of marijuana were introduced before the jury at the penalty stage of the trial.

■ The evidence shows that Officer Bell had probable cause to believe that an offense was being committed in his presence and the arrest and search were authorized by Article 14.01, Sec. (b), Vernon's Ann.C.C.P., which provides that a peace officer may arrest an offender without warrant for any offense committed in his presence or within his view.

Appellant relies upon Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed. 2d 917. That case is distinguishable. There the arresting officer during eight hours of patrol observed Sibron in conversation with several narcotic addicts but did not overhear any of these conversations and did not see anything pass between Sibron and the others. Late in the evening,

the officer saw Sibron enter a restaurant and speak with three known addicts. No conversation was overheard and nothing passed between Sibron and the addicts. While he was seated and eating, he was asked outside by the officer who found the heroin.

In the present case, the officer knew appellant to be a narcotic addict, saw an exchange, and saw appellant try to swallow a folded paper like that used for the sale of heroin on the Houston drug market.

In a supplemental brief filed in this Court, appellant contends for the first time that the seizure of the heroin was unreasonable under Rochin v. People of California, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952). There an officer, who was illegally on the premises, was unable to retrieve the pills, took Rochin to a hospital where a doctor forcibly applied a stomach pump and thereby obtained the heroin that was introduced against him.

■ In the present case, Officer Bell prevented the destruction or secretion of the contraband. No stomach pump was used. Recently, in a somewhat similar case, this Court upheld a seizure where an officer grabbed, had a stranglehold and caused the accused to spit out the package of heroin and held that *Rochin* did not apply. Donley v. State, Tex.Cr.App., 435 S.W.2d 518. See Johnson v. State, Tex.Cr.App., 397 S.W.2d 441; Espinoza v. United States, 278 F.2d 802 (5th Cir. 1960), cert. denied 364 U.S. 827, 81 S.Ct. 65, 5 L.Ed.2d 55.

Appellant's ground of error that the seizure of the heroin was unreasonable is overruled.

Next, appellant in his appellate brief filed in the trial court contends that:

"The Trial Court erred in failing to respond to Appellant's written objections to the Court's charge on the fact issue of an alleged arrest without a warrant as raised by the evidence during the trial.

"The objections to which appellant specifically refers are numbered I., II., III., and IV., and are shown in the transcript on pages 13, 14 and 15."

This does not appear to comply with Article 40.09, Sec. 9, V.A.C.C.P., which provides, in part:

"[T]his brief shall set forth separately each ground of error of which defendant desires to complain on appeal and may set forth such arguments as he deems appropriate. Each ground of error shall briefly refer to that part of the ruling of the trial court, charge given to the jury, or charge refused, admission or rejection of evidence or other proceedings which are designated to be complained of in such way as that the point of objection can be clearly identified and understood by the court. * * *"

See Keel v. State, Tex.Cr.App., 434 S.W.2d 687; Shirden v. State, Tex.Cr.App., 439 S.W.2d 348; Dailey v. State, Tex.Cr.App., 436 S.W.2d 346; and Young v. State, Tex.Cr.App., 448 S.W.2d 484.

However, we observe as to the objections, pointed out in the supplemental brief filed in this Court, that the trial court should have charged the jury if the officers did not have probable cause to make the arrest not to consider the seized evidence, no such issue was raised by the evidence, and no error is shown.

There being no reversible error, the judgment is affirmed.