**Enrique Carrera LERMA, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45534.**

Court of Criminal Appeals of Texas.

Feb. 28, 1973.

Dunnam & Dunnam, Inc. by Ted Dunnam, Port Lavaca, for appellant.

Robert Seerden, Dist. Atty., Knute L. Dietze, Asst. Dist. Atty., Victoria, Jim D. Vollers, State's Atty., and Robert A. Hut-

tash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is taken from a conviction for the offense of possession of a narcotic drug, to-wit: heroin. Punishment was assessed at 20 years.

Two grounds of error are urged. They both concern probable cause to arrest and search so they will be discussed together.

The record reflects that at approximately 1:30 A.M. on the morning of July 1, 1971, while on routine investigation, Officers Bellis and Ramirez, of the Victoria Police Department, were parked in an unmarked car across the street from the Tiki Lounge in Victoria. From approximately 30 feet away, the officers observed appellant, in company with a person named Rubio, walk out of the lounge onto the sidewalk.

Officer Bellis testified that he had personal knowledge that appellant was a user of heroin and that the Tiki Lounge was a place frequented by drug addicts. As appellant walked out of the lounge he looked "cautiously from side to side," "checking the street." Bellis watched appellant and Rubio through binoculars, and observed Rubio reach into his shirt pocket and pull therefrom "a sum of money." Appellant, still looking cautiously over his shoulder, took a "small paper packet" from his pants pocket. Just as appellant began to pass the packet to Rubio, and as Rubio began to pass the money to appellant, Officer Bellis turned to Ramirez and said, "It's time for action. I believe that there's a transaction taking place."

Officer Bellis "drew his pistol," jumped out of his car and walked quickly toward appellant and Rubio. Officer Ramirez did not draw his pistol, but followed closely behind Bellis as they approached the two men. Bellis approached them from one side of a parked automobile and Ramirez approached them from the other side.

Appellant and Rubio "apparently" saw the officers coming. Rubio quickly wadded up the money he had in his hand and put it in his shirt pocket. Appellant placed his hand to the back of his neck, as if to hide whatever he had in his hand under his shirt collar.

Officer Bellis informed the men that he was a police officer and that he had reason to believe a narcotic sale was being made. He told the suspects that they were under arrest and began to pat down appellant's outer clothing for weapons. Finding no weapon, Bellis then searched appellant's shirt collar. As he pulled appellant's collar, a "small piece of tin foil," containing the heroin in question, fell to the pavement.

"The basic purpose of the Fourth Amendment is to safeguard the privacy and security of individuals against arbitrary invasions by government officials." Brown v. State, Tex.Cr.App., 481 S.W.2d 106. See, e. g. Berger v. New York, 388 U.S. 41, 87 S.Ct. 1873, 18 L.Ed.2d 1040 (1967); Haynes v. State, Tex.Cr.App., 475 S.W.2d 739.

■ Unquestionably, appellant was entitled to the protection of the Fourth Amendment as he stood on a public sidewalk in front of an open lounge in Victoria. Therefore, we are here concerned with whether, under the circumstances of this case, appellant's right to personal security was violated by an unreasonable search and seizure.

■■ In order for a warrantless arrest or search to be justified the existence of probable cause must be shown at the time the arrest or search was made and the existence of circumstances which made the procuring of a warrant impracticable. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 658 (1969); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543; Brown v. State, supra;

Stoddard v. State, Tex.Cr.App., 475 S.W. 2d 744. The question of whether probable cause exists at the time of the arrest or search can only be decided in terms of the concrete factual situation presented by each individual case and the test is whether, at the moment of arrest, the facts and circumstances within the knowledge of the arresting officer and of which he has reasonably trustworthy information would warrant a reasonable and prudent man in believing that a particular person has committed or is committing a crime. Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959); Brown v. State, supra.

The facts relevant to determining whether probable cause existed for the arrest in the instant case are: (1) Officer Bellis had personal knowledge that appellant was a user of heroin; (2) that the Tiki Lounge was frequented by narcotic addicts; (3) that appellant looked "cautiously from side to side" as he walked out of the lounge; (4) that the person with appellant pulled a sum of money from his shirt pocket and was about to give the money to appellant; (5) that appellant reached into his pocket and pulled out what appeared to be a "small paper packet of some*k*ind" and was about to hand it to the other person; and, (6) as the officers approached, appellant reached up and placed the packet behind his shirt collar in an attempt to conceal it.

We are not without precedential guidance on the particular facts in this case. The record here in relevant respects fairly duplicates that considered by this court in McLeod v. State, Tex.Cr.App., 450 S.W.2d 321. There, as here, the legality of a warrantless arrest and search was challenged. Three police officers saw McLeod, whom they knew to be a heroin addict, standing inside a washateria and looking out the window.

" . . . They placed him under surveillance and saw him go to an automobile that drove up, lean in and place his hand inside the window and make an exchange with the driver of the automobile. Appellant then went toward the washateria to a pickup truck, got in on the passenger side and closed the door and another man entered on the driver's side. As Officer Bell approached, appellant put a folded paper inside his mouth. Officer Bell further testified that the paper contained heroin, because the heroin sold on the drug market in Houston came in that type of paper, and he had seen many such papers. He also testified that he was reassured that appellant was committing a felony when he attempted to swallow the paper, and then decided to arrest him." 450 S.W.2d at 322.

In deciding that the officers had probable cause to believe an offense was being committed in their presence, and therefore holding that the arrest and search incident thereto were authorized under Article 14.-01, Section (b), Vernon's Ann.C.C.P.,[1] this court pointed specifically to the following facts: (1) the officers knew McLeod to be a narcotic addict; (2) the officers saw an exchange; and (3) the officer saw McLeod try to swallow a folded paper like that used for the sale of heroin.

The distinction between *McLeod* and the case now before us is that in *McLeod* the officers saw an actual exchange whereas here the officers saw an attempted exchange. The distinction is without a difference.

The fact that Officer Bellis saw appellant attempting to exchange the small packet for a sum of money distinguishes this case from Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917, on which appellant relies. We conclude that

1. Article 14.01, Section (b), V.A.C.C.P., provides: "A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view."

the evidence shows that Officer Bellis had probable cause to believe that an offense was being committed in his presence. The arrest and subsequent search were reasonable under the Fourth Amendment and were authorized by Article 14.01, supra. McLeod v. State, supra. See generally, Brown v. State, supra.

There being no reversible error, the judgment is affirmed.