Kirk Bernard JONES,
Appellant,

v.

The STATE of Texas, Appellee.

No. 46077.

Court of Criminal Appeals of Texas.

May 1, 1973.

Rehearing Denied May 23, 1973.

**934**

Kerry P. FitzGerald, Dallas, for appellant.

Henry Wade, Dist. Atty., and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

The appeal is taken from a conviction for the offense of unlawful possession of a narcotic drug, to-wit: marihuana. Punishment was assessed at four years, probated.

Initially, appellant contends that the admission into evidence of the marihuana in question was illegal in that the search and seizure were made without probable cause.

The evidence shows that at approximately 11:45 P.M. on September 3, 1971, two Dallas police officers observed five men standing in a circle behind the Two Cousins Cafe in Dallas. The officers circled the block, drove down an alley with the car lights off, and as they approached the group of men, they turned their car lights on again.

Immediately after the lights were turned on the officers observed one of the men, whom they identified as Jennings, drop a matchbox down by his leg on the ground. As the officers were getting out of their automobile they observed a second man, identified as Young, drop a black billfold on the ground.

The officers lined all five men against the wall, picked up the matchbox they had seen dropped, opened it and saw what they determined to be marihuana. The billfold was then examined and found to contain marihuana cigarettes. All of the men, including appellant, were then searched. The marihuana in question was found in a matchbox taken from the appellant's left shirt pocket.

Appellant introduced testimony that he, Charles Lowe and Larry Bennett went to the Two Cousins Cafe to drink beer. Upon leaving the cafe they discovered another car was blocking their car. Lowe went back inside to inquire about the car; appellant and Bennett also returned to the cafe to use the rest room, but upon seeing it was in use, appellant and Bennett went outside and around to the side of the cafe to relieve themselves. Young and Jennings walked up to them and asked if they wanted to buy marihuana. Appellant said he did not use it and about this time Lowe walked up the alley. The police then arrived, ordered all five of them to line up against the wall and proceeded to search them.

Appellant objected to the admission into evidence of the marihuana in question. He contends that the search and seizure were unlawful since the officers had no right to search his person further, after they determined he was not armed, and therefore the discovery of the matchbox which contained marihuana was unjustified under the circumstances. He contends that the "pat down" was sufficient to show that

he did not possess a weapon and further search was illegal.

■ We have recognized a distinction between probable cause to arrest and probable cause to investigate, and allow a policeman, under the proper circumstances to "stop" a person and detain him briefly for questioning upon a reasonable suspicion that he may be connected with criminal activity. Brown v. State, Tex.Cr.App., 481 S.W.2d 106. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, teaches us that:

> "Where a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous where in the course of investigating this behavior he identifies himself as a policeman and makes reasonable inquiries, and where nothing in the initial stages of the encounter serves to dispel his reasonable fear for his own or others' safety, he is entitled for the protection of himself and others in the area to conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him."

■ Probable cause to arrest exists where, at that moment, the facts and circumstances within the knowledge of the arresting officer and of which he has reasonably trustworthy information would warrant a reasonable and prudent man in believing that a particular person has committed or is committing a crime.[1] Proba-

ble cause to search exists where the facts and circumstances within the knowledge of the officer on the scene and of which he has reasonably trustworthy information would lead a man of reasonable caution and prudence to believe that he will find the instrumentality of a crime or evidence pertaining to a crime.[2]

■ The significance of the distinction between probable cause to investigate and probable cause to arrest or search[3] manifests itself, in the instant case, in the scope of the search that is allowed. While the scope of the search "incident" to an investigative stop is carefully limited by the standards of Terry v. Ohio, supra, and Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1967), the scope of the search incident to an arrest based upon probable cause is broader and is controlled by the standards set out in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L. Ed.2d 685. See also Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145 (1925); Marron v. United States, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231 (1927).

■ When the officers approached the five men in the alley, two of them dropped from their persons objects that contained marihuana. At this point the circumstances ripened to probable cause for an arrest. No doubt can be entertained that the officers had probable cause to arrest and search the two individuals that threw down the contraband as the officers, at this point, had witnessed a crime being committed in their presence. Article 14.01, Vernon's Ann.C.C.P.; Lerma v. State, 491 S. W.2d 152; Legall v. State, Tex.Cr.App.,

---

1. Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed. 2d 134 (1959); Lerma v. State, Tex.Cr. App., 491 S.W.2d 152; Brown v. State, 481 S.W.2d 106.

2. Dyke v. Taylor Implement Mfg. Co., 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538 (1968); Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); Brown v. State, supra.

3. Probable cause to arrest and probable cause to search are not mutually exclusive. The facts supplying probable cause to arrest might also furnish probable cause to search. See, e. g., Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Warden, Maryland Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967). See generally, Brown v. State, supra.

463 S.W.2d 731. Although the search of the appellant presents a slightly different question, we conclude that the facts and circumstances within the knowledge of the officers at that moment were sufficient to lead a man of reasonable caution and prudence to believe that appellant too was committing a crime and that a search of appellant would produce the instrumentality of a crime or evidence pertaining to a crime. Thus, the search of appellant's pocket and seizure of the matchbox found there was reasonably related to the purpose of the arrest. Such did not exceed the permissible scope of the search incident to his arrest. Chimel v. California, supra.

As to appellant's testimony that he was not in company with Young and Jennings, such was rejected by the jury. The court charged the jury on the law of principals. No error is shown.

Next, appellant asserts that the trial court erred in not giving a charge to the jury on the legality of the search.

■ Article 38.23, V.A.C.C.P., provides that where the legal evidence raises the issue, the jury shall be instructed that evidence which they believe or that they have a reasonable doubt was obtained in violation of a provision of the Constitution or a law of the State of Texas, or of the Constitution of the United States, the same shall be disregarded. This statute is applicable only where a disputed fact issue is raised concerning the alleged violation. Ainsworth v. State, 493 S.W.2d 517 (Tex. Cr.App.1973).

Under the facts of this case, no disputed fact issue was raised regarding the legality of the search. The search was, as a matter of law, legal. Ainsworth v. State, supra; Black v. State, 491 S.W.2d 428 (Tex.Cr.App.1973); Davis v. State, Tex. Cr.App., 474 S.W.2d 466.

Finally, appellant contends that he was denied his right to inspect a certain notebook which was used by the prosecutor.

■ The "use-before-the-jury" rule, simply stated, is that the accused in a criminal trial [4] has the right to inspect any document, instrument, writing, or object [5] which is used by the state before the jury in such a manner as to make its contents an issue. White v. State, Tex.Cr.App., 478 S.W.2d 506; Rose v. State, Tex.Cr.App., 427 S.W.2d 609; Sewell v. State, Tex.Cr. App., 367 S.W.2d 349. Whether the rule becomes operative depends upon the particular circumstances of each case and usually turns upon the question of whether the document, etc. was used by the state in such a manner that its contents became an issue.

■ In the instant case, appellant claims the prosecutor used the notebook in his examination of two witnesses. The record reflects that an officer was asked whether he had made notes concerning the arrest. The officer responded that he had made notes but that he did not bring the notebook with him and did not keep the notebook after making the notations. The prosecutor also asked defense witness Lowe whether he saw the officers making notes during the arrest. The witness answered, "No, I didn't." The following colloquy then occurred:

"Q. (By the Prosecutor) You gave your address anyway to those officers, didn't you?

A. Yes.

PROSECUTOR: I will pass the witness. Let me ask one other question. Where does Kirk Jones live?

THE WITNESS: 3419 Linfield.

4. A similar right is also afforded in civil cases. E. g., Winters v. Winters, 282 S.W.2d 749 (Tex.Civ.App.1955).

5. The subject of the request for inspection does not have to be a writing, it can be an object or photograph. See Bailey v. State, Tex.Cr.App., 365 S.W.2d 170 (1963).

PROSECUTOR: He's just about your next door neighbor?

THE WITNESS: He's on the third corner which you would say a square block.

PROSECUTOR: Okay, If the officer wrote 3319 Linfield, that would be about where the man lived, is that right?

THE WITNESS: That's right."

We fail to perceive how the contents of the notebook became an issue. The officer's testimony shows only that he made notations in a notebook. It does not support the conclusion that he testified from the notations. On the contrary, his testimony shows that he did not bring the notebook with him to trial and that he did not even keep the notebook after making the notations.

Turning to the cross-examination of defense witness Lowe, we find only an apparent predicate that the officer made notations during the arrest. And although the purpose of the exchange between the prosecutor and the witness concerning the address of Kirk Jones is unclear, we do not find that the conditional question ("If the officer wrote 3319 Linfield, that would be about where the man lived, is that right?") placed the contents of the notebook in issue. The record does not reflect that the witness had his attention directed to the document in question, nor that it was exhibited or read aloud to either witness, nor does it reflect that any reference was made to indicate to the jury that such document was being used as the basis for the interrogation. Cf. White v. State, supra.

 Appellant claims further, however, that the prosecutor used and exhibited the notebook in question during the jury argument. Since the purpose of the rule is to allow the defense an opportunity to inspect documents used by the prosecution before the jury for the purpose of cross-examina-

tion and possible impeachment, the rule would not be applicable during oral argument of counsel. If the prosecutor reads from a document that is not in evidence, or refers to the content of a document that is not in evidence, during oral argument, then he is outside the record and the accused has his remedy under the rationale of improper jury argument. See, e. g., Alejandro v. State, 230 S.W.2d 493 (Tex.Cr.App. 1973) and the cases cited therein.

No reversible error having been shown, the judgment is affirmed.