Robert Michael GAFFNEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 55109.

Court of Criminal Appeals of Texas, Panel No. 2.

Dec. 13, 1978.

Rehearing En Banc Denied Jan. 31, 1979.

James M. Murphy, Dallas, for appellant.

Arthur C. Eads, Dist. Atty., and James T. Russell, Asst. Dist. Atty., Belton, for the State.

Before ODOM, PHILLIPS and DALLY, JJ.

## OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for possession of more than four ounces of marihuana. Punishment was assessed at 15 years' imprisonment.

For some time prior to April 28, 1976, Officer Severn of the D.P.S. Intelligence Service was in contact with a confidential informant concerning other controlled substance transactions. In the course of these discussions, the instant transaction was revealed in general terms. Then, on April 28, 1976, between 9 and 10 a. m., the confidential informant advised Officer Severn that a load of marihuana was to be flown into the Terrell, Kaufman County, airport that night, around midnight, from Mexico. The make and identification number of the plane were provided, as was the pilot's name. Officer Severn related this informa-

tion to D.P.S. Narcotics Officer Spencer. At approximately 9:30 p. m., Officers Severn and Spencer arrived at the Terrell airport to maintain surveillance and seize the smuggled contraband when it arrived. At approximately 11:30 p. m., Officer Severn contacted his informant, who had previously provided reliable information, and was advised that due to inclement weather the airplane was diverted to the Temple, Bell County airport. The informant described the vehicles, their license numbers, and their drivers' names which were en route to rendezvous with the plane by way of Interstate 35. Officer Severn set out towards Temple while Officer Spencer related all the information to the Waco regional office of the D.P.S.

D.P.S. Narcotic Agent Aycock received Officer Spencer's phone call around 12:05 a. m. on April 29. He was advised of the recent developments, vehicle descriptions, license or identification numbers, route to be taken (I.H. 35), names of vehicle operators, as well as the offense involved. At 12:15 a. m. Agent Aycock advised Agent Mayben of the Temple office of this same information. Mayben in turn requested assistance of the Temple City Police Department. At 12:35 a. m. Agent Aycock proceeded to the Hewitt Exit South on I.H. 35 to look for the motor vehicles which were observed at 1:15 a. m. travelling at about 80 to 85 miles per hour. Surveillance of these vehicles was maintained from this point, through the transfer of packages from the described plane, until they were stopped and searched at 2 a. m. Appellant was driving the vehicle in which the marihuana was discovered. All vehicles were confiscated by the officers and a subsequent search of the airplane revealed marihuana seeds and "sweepings."

Only Agent Mayben testified at the motion to suppress hearing concerning the viability of obtaining a search warrant. After receiving the information detailed above and contacting two Temple police officers for assistance, he met the officers near the airport and confirmed the presence of the described airplane. About one hour after Aycock called Mayben from Waco, Aycock made his observation of the two described vehicles heading south on I.H. 35 and notified the other officers by radio. The officer testified that the nearest justice of the peace was in Rogers, Texas, fifteen miles from Temple, to the other side of the city from the airport. The quickest he had ever obtained a search warrant, from preparation of the affidavit to its issuance, was between one and one and a half hours. He further testified that he had no personal knowledge of who was to make the pickup, what type of vehicle would make it, that he had no time to secure a search warrant after observing the airplane and that Officer Aycock was the agent in charge. He further testified that he did not know how the information concerning the airplane and marihuana transaction originated.

After the vehicles rendezvoused, the transfer of packages observed, and the vehicles attempted to leave the airport, they were stopped by the officers involved. The parties were arrested and the vehicles searched.

Appellant's first two grounds of error challenge the legality of the search and seizure resulting in the recovery of the marihuana used to convict him. The basic thrust of appellant's contention is that because of the lapse of time between the detailed tip from the reliable and confidential informant and the final search and seizure of appellant's vehicle, there was no excuse for the D.P.S. officers' failure to obtain a search warrant. Appellant focuses on the Waco and Temple peace officers and their failure to obtain a search warrant, but implies that the failure of the Dallas D.P.S. officers to obtain a search warrant taints this Bell County search.

The State counters that, with respect to appellant's vehicle, the *Carroll* [*v. U. S.*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1924)] doctrine legitimatizes the warrantless search. The vehicle's description was not known until 11:30 p. m. It was not known by Officer Aycock until 12:05 a. m. The presence of the vehicles in the area and, thus, confirmation of the 11:30 p. m. infor-

mation, was not known until 1:15 a. m. The rendezvous of plane and motor vehicles occurred at 1:35 a. m. The arrest and search were conducted at 2 a. m. The testimony of Officer Mayben makes clear that it was impractical to obtain a search warrant *after* the informant's 11:30 p. m. information was confirmed by independent police observations but *before* the appellant began to leave the Temple airport in his vehicle. In addition, Officer Mayben was not possessed of the necessary information to satisfy the mandate of *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), in that he was unaware of how the information was obtained. The record indicates that Officer Aycock received the information concerning the transaction, but not how Officer Spencer had obtained the information. Whether Officers Severn and Spencer should have obtained the search warrant for the Terrell airport operation is not before us. We are concerned only with the search of appellant's vehicle at the Temple airport.

The case of *U. S. v. Mitchell,* 538 F.2d 1230 (5th Cir. 1976), is peculiarly apposite. In that case the DEA agents had advanced and detailed information concerning another marihuana smuggling scheme, including date, time, and precise destination. The destination was elaborately staked out and, upon beginning to depart, the appellant was arrested and the vehicle searched without benefit of a search warrant. The original panel decision reversed the conviction on reasoning similar to that advanced by appellant. See *U. S. v. Mitchell,* 525 F.2d 1275 (5th Cir. 1976). However, on rehearing En Banc the panel decision was vacated and the conviction affirmed. In reaching its decision the En Banc Court quoted the following from *Cardwell v. Lewis,* 417 U.S. 583, 595–596, 94 S.Ct. 2464, 2472, 41 L.Ed.2d 325 (1974) (plurality opinion):

"Respondent contends that here, unlike *Chambers* [*v. Moraney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970)], probable cause to search the car existed for some time prior to arrest and that, therefore, there were no exigent circumstances. Assuming that probable cause previously existed, we know of no case or principle that suggests that the right to search on probable cause and the reasonableness of seizing a car under exigent circumstances are foreclosed if a warrant was not obtained at the first practical moment. Exigent circumstances with regard to vehicles are not limited to situations where probable cause is unforeseeable and arises only at the time of the arrest. Cf. *Chambers,* Id., 399 U.S. at 50–51 [90 S.Ct. 1975, at 1980–1981]. The exigency may arise at any time, and the fact that the police might have obtained a warrant earlier does not negate the possibility of a current situation's necessitating prompt police action."

In *Mitchell,* the arrest occurred before the truck began moving. Here, the arrest was made after the truck was departing the airport. Assuming that there was sufficient time for Officers Aycock or Mayben to obtain a search warrant, the exigency of appellant's imminent departure was nevertheless real.

The dissent in the latter *Mitchell* case wrote:

"At the time of the seizure nothing had occurred or did occur that was unanticipated or unexpected." 538 F.2d at 1234.

The instant case would seem to satisfy even the dissenters' qualification in *Mitchell* since inclement weather forced an unexpected change in the time and location of the marihuana delivery.

■ We hold, therefore, that, with respect to those officers who arrested appellant and searched his vehicle, probable cause existed when the information received by them was confirmed in every detail but one: that marihuana was the cargo being transferred. *Draper v. U. S.,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); *U. S. v. Guajardo,* 508 F.2d 1093 (5th Cir. 1975); *Ochs v. State,* Tex.Cr.App., 543 S.W.2d 355. Further, the impracticality of obtaining a search warrant at that time was sufficiently established as was the exigency of the situation confronting the officers at 2 a. m. *Powell v. State,* Tex.Cr.

App., 502 S.W.2d 705; *Rivas v. State*, Tex. Cr.App., 506 S.W.2d 233. The trial court did not err in overruling appellant's motion to suppress or admitting the marihuana seized in the course of the search. Appellant's first two grounds of error are overruled.

■ Appellant next complains of the trial court's failure to grant his motion to dismiss the enhancement allegation from the indictment. He argues that the granting of a pardon by the Governor should prevent the use of the pardoned conviction under V.T.C.A., Penal Code, Section 12.42. This contention is without merit without more. See *Ex parte Smith*, Tex.Cr.App., 548 S.W.2d 410; *Runo v. State*, Tex.Cr. App., 556 S.W.2d 808. However, appellant also complains of the trial court's quashing of his subpoena duces tecum for Mr. Jay Floyd, Administrative Assistant to the Governor, and Mrs. Helen Wittenberg, staff member to the Board of Pardons and Paroles. Appellant's motions allege that a full and unconditional pardon was issued on April 20, 1976, for the prior conviction alleged for enhancement. Nowhere did appellant allege that the pardons were granted because of a determination of appellant's innocence by the Governor. The pardon document was introduced into evidence and reflects the granting of a "full pardon and restoration of full civil rights of citizenship . . . ." During the pretrial hearing on appellant's motions, his attorney expressly stated he had no objections to the court granting Jay Floyd's motion to quash his subpoena duces tecum. Appellant now urges that the burden of proof on *why* the pardon was granted shifted to the State since the witnesses' joint motion to quash was granted. Rather, appellant waived any such contention when he in effect requested the trial court to grant the witnesses' motion. There being no showing that the pardon was granted because of a finding that appellant was innocent of a prior offense alleged for enhancement, appellant's third ground of error is overruled. Since the same argument is advanced in support of appellant's fourth ground of error, it too is overruled.

■ Appellant next complains that Sections 4.05(a) and (b)(1) of the Texas Controlled Substances Act (Article 4476–15, V.A.C.S.) are facially unconstitutional in that they deprive appellant of due process of law. Appellant's complaint centers on what he perceives as the creation of an irrebuttable presumption of intent to deliver when more than four ounces of marihuana are possessed. The short answer to appellant's contention is that he has no standing to launch the challenge asserted since he was charged and convicted of simple possession of marihuana. *Threlkeld v. State*, 558 S.W.2d 472. Further, it was not irrational or arbitrary for the Legislature to equate, for *penalty* purposes, the possession of more than four ounces of marihuana and the delivery of any amount of marihuana (unless it is less than one fourth of an ounce and delivered without remuneration). V.A. C.S., Article 4476–15, Sections 4.05(a), (b)(1), (d), (e), and (f). The equating of penalties does not create an irrebuttable presumption. Because other states choose to attach different penalty schemes to different offenses does not render our penalty scheme unconstitutional. Finally, we hold that the possession of more than four ounces of marihuana does not create an *irrebuttable* presumption of an intent to deliver. Appellant's fifth ground of error is overruled.

■ Appellant next complains of the trial court's failure to grant his motion to dismiss the indictment because such a prosecution and statutory proscription violates his right of privacy and equal protection of the laws. Although they dealt with the Controlled Substances Act's predecessor, we believe that *Miller v. State*, 458 S.W.2d 680, and *Broom v. State*, 463 S.W.2d 220, render appellant's position untenable. It is well within the legitimate exercise of this State's police powers to regulate the use, transportation, and possession of drugs considered in need of such regulation by the Legislature. Appellant's sixth ground of error is overruled.

◼ Appellant challenges the sufficiency of the evidence to sustain his conviction. The evidence reflects that the motor vehicles described by the confidential informant of prior reliability were observed heading south on I.H. 35 north of Temple. Surveillance was commenced and continued uninterrupted until the stop, arrest, search and seizure of the vehicles and their occupants. Surveillance prior to the rendezvous of appellant's vehicle and the described airplane revealed its rear area to be empty. The vehicle, with appellant as its sole occupant, was observed meeting the airplane. The transfer of cargo was observed. When appellant's vehicle was stopped and searched, he again was the sole occupant. Appellant admits the vehicle was his.

◼ Appellant's contention is addressed to the manner in which the marihuana was packaged ("wrapped in opaque covering and enclosed by a clear plastic covering . . ") and relies upon *Armstrong v. State*, Tex.Cr. App., 542 S.W.2d 119, and *Powell v. State*, Tex.Cr.App., 502 S.W.2d 705. On this same basis, appellant complains, in his eighth and ninth grounds of error, of the trial court's failure to grant his specially requested charge on circumstantial evidence and to sustain his objection to the court's charge for omitting such a charge, respectively. He again relies on *Armstrong v. State*, supra.

*Armstrong v. State*, supra, involved the prosecution of a pilot for possession of marihuana because of his carrying his commercial passenger's suitcases to the plane and the presence of marihuana roaches in rear area ashtrays. Since the airplane had been left unlocked at the airport for maintenance and the suitcases bore no outward manifestation of their illicit contents, this Court concluded that the failure to grant the specially requested charge on circumstantial evidence was reversible error. In this case, we have a single individual in control of his private vehicle without any contention that he had a commercial purpose in transporting the airplane's cargo.

In *Powell v. State*, supra, we have a similar fact situation except that the appellant was a passenger in the carrying truck. The evidence was considered sufficient because, in addition to the evidentiary factors in common with the instant cause, the appellant had a small quantity of marihuana on his person and appeared to be under the influence of narcotics when stopped. The appellant's personal possession of the small amount of marihuana was considered sufficient *direct* evidence to obviate any need for a circumstantial evidence charge.

The rule requiring "additional independent facts and circumstances which indicate the accused's knowledge of the narcotic . . . " developed in cases where the place in which marihuana was found was accessible to others without the appellant's awareness (*Armstrong v. State*, supra; *Ramos v. State*, Tex.Cr.App., 478 S.W.2d 102), the evidence clearly cast doubt on whether the appellant knew contraband was involved (*Shortnacy v. State*, Tex.Cr.App., 474 S.W.2d 713; *Morrison v. State*, Tex.Cr. App., 372 S.W.2d 542), or the possession of the contraband was *joint*, in contrast with exclusive (*Higgins v. State*, Tex.Cr.App., 515 S.W.2d 268; *Payne v. State*, Tex.Cr. App., 480 S.W.2d 732; *Harvey v. State*, Tex.Cr.App., 487 S.W.2d 75).

The evidence in this case is sufficient (1) to sustain the judgment and (2) to obviate the need for an instruction on circumstantial evidence. Appellant's seventh, eighth, and ninth grounds of error are overruled.

◼ Appellant complains of the trial court's failure to require the State to disclose the identity of the confidential informant. There was never any showing that the informant was instrumental in effecting appellant's possession of the marihuana, was a material witness to the offense or appellant's knowing involvement therein. *Barber v. State*, Tex.Cr.App., 511 S.W.2d 937. Evidence, not conjecture or speculation, is required to make the requisite showing. Appellant's tenth ground of error is overruled.

◼ Appellant next complains of the trial court's failure to submit his specially requested instruction on probable cause for

the search and relies on Article 38.23, V.A.C.C.P. Such an instruction is required only when a disputed fact issue arises *from the evidence* over whether probable cause existed. There is no disputed fact issue in this case. No evidence was introduced to controvert the testimony of the officers involved in the search of appellant's vehicle. *Rose v. State*, Tex.Cr.App., 470 S.W.2d 198. Appellant's eleventh ground of error is overruled. Since appellant relies on the same reasoning for his twelfth ground of error, it too is overruled.

There being no reversible error, the judgment is affirmed.

DALLY, J., concurs in the results.