Dennis Wayne MORR, Appellant,

v.

The STATE of Texas, Appellee.

No. 61327.

Court of Criminal Appeals of Texas, En Banc.

April 21, 1982.

---

Jeffie J. Massey, Dallas, for appellant.

Henry Wade, Dist. Atty., Ronald D. Hinds and Mike Gillett, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING

McCORMICK, Judge.

The panel decision reversing this case on the grounds of an illegal search is withdrawn. Appellant was convicted of possession of an explosive device in Dallas County. The jury assessed punishment at fifteen years in the Texas Department of Corrections.

According to the police officer's testimony, appellant was initially stopped for driving too slowly and for weaving while driving on a Dallas freeway. Appellant was thereafter unable to produce a valid driver's license and was placed under arrest. See Article 6687b, Section 13, V.A.C.S.; Article 14.01(b), V.A.C.C.P.

Pursuant to the arrest, a search of the passenger compartment of the car was conducted. During that search, a bomb was found.

Appellant complains because the issue of whether the search was illegal was not presented to the jury as a question of fact pursuant to Article 38.23, V.A.C.C.P. Article 38.23, supra, provides:

"No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

"In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained."

The appellant made a timely request for a special charge which was overruled by the trial court. Appellant took the stand before the jury and denied the officer's testimony that he was driving below the 45 miles per hour minimum speed. He testified that he was going 50 miles per hour when stopped. The passenger in the car at the time of the arrest testified before the jury that the car had not been weaving when the police stopped it.

The State contends there was no dispute of the facts, but only of the law. Were this the case, appellant would not have been entitled to submit the issue to the jury. *Jones v. State*, 493 S.W.2d 933 (Tex.Cr.App. 1973); *Gaffney v. State*, 575 S.W.2d 537 (Tex.Cr.App.1978).

However, in this case, if the jury believed the facts as testified to by the defense witness, the officers would not have been justified in stopping the car. Any fruits resulting from such an illegal stop would have been inadmissible. Therefore, the trial court erred in failing to grant appellant's requested special charge. *Jordan v. State*, 562 S.W.2d 472 (Tex.Cr.App.1978).

The State's motion for rehearing is denied, and the judgment is reversed and the cause remanded.

ROBERTS, Judge, concurring.

While I agree with the Court that the denial of a charge to the jury on the legality of the search and seizure was reversible error, I think that we should go farther to resolve the outstanding issues in the case.

One issue which the panel addressed was that of whether officers who have arrested the driver of a car may impound the vehicle and inventory its contents without offering the driver the alternative of letting his unarrested passenger take possession of the vehicle. *See Benavides v. State*, 600 S.W.2d

809, 811 (Tex.Cr.App.1980) ("An automobile may be impounded if ... no alternatives are available other than impoundment to insure the protection of the vehicle"). Here the passenger was not arrested and he had a driver's license, neither of which was the case in *Benavides*.

The other issue is whether officers may search the interior of a vehicle as a routine incident to a custodial arrest for a traffic violation, even though they have no reasonable belief that the search is necessary to prevent the occupants from reaching a weapon or destroying evidence. The panel held that they may not, following *Branch v. State*, 599 S.W.2d 324 (Tex.Cr.App.1980). *Branch* is no longer a viable statement of Fourth Amendment law, for, while this case has been pending on rehearing, the Supreme Court has decided that such searches do not violate the Fourth Amendment. *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). But *Belton* does not alter our holding that such a search violates Section 9 of the Texas Bill of Rights. *Beck v. State*, 547 S.W.2d 266 (Tex.Cr.App.1976) ("All searches incidental to arrest cannot be justified on this theory, for to do so would allow wholesale fishing expeditions whenever a legal [traffic] arrest is made."). The appellant relied on Section 9 in the trial court and in this Court.

These issues are ripe for decision in this case. If we do not resolve them, the trial court may make the same error in denying the appellant's motion to suppress evidence on retrial that it made at the first trial. These are important issues which are presented in the facts of this case, and they will not disappear from the courts of this state simply because the Court withdraws the panel opinion and refuses to address them. The ground of error which complains of the denial of the motion to suppress the evidence seized in an illegal search should be sustained.

CLINTON and TEAGUE, JJ., join.