663 S.W.2d 506 (1983)
Brenda Faye WASHINGTON, Appellant,
v.
The STATE of Texas, Appellee.
No. 01-83-00016-CR.
Court of Appeals of Texas, Houston (1st Dist.).
November 17, 1983.
Rehearing Denied January 12, 1984.
Discretionary Review Refused May 23, 1984.
*507 Robert L. Hodge, Houston, for appellant
Jim Mapel, Angleton, for appellee.
Before EVANS, C.J., and BASS and DUGGAN, JJ.

OPINION
BASS, Justice.
The appellant was convicted of unlawfully carrying a weapon and the jury assessed punishment at six months in jail and a $200.00 fine. Both the sentence and fine were probated pursuant to the jury's recommendation.
The cause is reversed and remanded for a new trial.
The appellant had driven to her local bank in Angleton to cash a payroll check. While at the bank, an argument developed between the appellant and bank personnel concerning cash the bank had withheld from her check to cover an insufficient check given to the appellant by another. The bank refused to return the money and the argument escalated to the point where the appellant threatened to call the police. At that time an officer of the bank phoned the police himself. However, between the time the call was made and the police responded, the argument ended and appellant decided to leave. As she was driving away, the police officer who was responding to the call pulled in front of her car and blocked her exit from the parking lot. The appellant stopped, got out of her car, and walked to the patrol car. According to the officer's testimony, the conversation became heated and eventually reached the point where the appellant was shouting obscenities. At that point she was arrested for disorderly conduct and was placed in the back of the police car. Her car was searched, and a *508 handgun was found in the glove compartment.
Appellant's second ground of error asserts that the trial court erred in denying the appellant's request that the jury be instructed in accordance with article 38.23 of the Tex.Code Crim.Pro. (Vernon 1966), which states:
No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.
In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.
Where the evidence raises a fact issue as to probable cause, the defendant is entitled to have the jury instructed in accordance with Article 38.23, supra; Merriweather v. State, 501 S.W.2d 887 (Tex.Cr. App.1973); McElwee v. State, 493 S.W.2d 876 (Tex.Cr.App.1973).
In the instant case, the State attempted to justify the search of appellant's automobile by asserting that the search was both incident to arrest and an inventory of an impounded automobile. The trial court ruled that the search was not an inventory but was conducted incident to a lawful arrest and was therefore permissible. Because both of these types of searches are exceptions to the probable cause requirement, Chimel v. California, 395 S.W.2d 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976), there would not be a material issue of probable cause for a search of either type. However, authorization for a search of either type rests on whether or not there was a valid custodial arrest, and in determining that question a showing of probable cause for the arrest is required. See Chimel, and Opperman, supra; Morr v. State, 631 S.W.2d 517 (Tex.Cr.App.1982).
In the case before the court, the appellant contested the issue of whether there was probable cause for her arrest when she took the stand and explicitly denied the truth of the officer's testimony concerning the incident at the bank and the facts which would have constituted probable cause for the arrest. Appellant denied shouting obscenities, and testified that she quietly accompanied the police officers to the police station. If the jury believed her testimony, the police would not have been justified in arresting the appellant, and thus any fruits arising from the illegal arrest, i.e., the gun, would have been inadmissible at trial. Morr, supra. The appellant timely requested the instruction and had the right to have the jury determine that issue. We hold the trial court erred in refusing to submit the appellant's request for a charge under art. 38.23. Jordan v. State, 562 S.W.2d 472 (Tex.Cr.App.1978).
The appellant's second ground of error is sustained.
In view of this Court's disposition of the appellant's second ground of error, we need not address appellant's other ground.
The judgment of the trial court is reversed and the cause is remanded for a new trial.