TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00469-CR







Ricardo Zuniga, Appellant



v.



The State of Texas, Appellee








FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY 


NO. 93-40230-1, HONORABLE TIMOTHY G. MARESH, JUDGE PRESIDING







PER CURIAM



 A jury found Ricardo Zuniga, appellant guilty of driving and operating a motor
vehicle in a public place while intoxicated. Act of May 27, 1983, 68th Leg. R.S., ch. 303, § 3,
1983 Tex. Gen. Laws 1568, (Tex. Rev. Civ. Stat. Ann. art. 6701l-1(b), since amended and
codified at Tex. Penal Code Ann. § 49.04). The court assessed punishment at twenty-four
months' probation and a fine of $2000. He appeals by two points of error, challenging the court's
charge to the jury. We will affirm the judgment.



FACTS


 On August 7, 1993, at approximately 2:00 A.M., Sergeant Jack Abbott of the
Round Rock Police Department, accompanied by Sergeant Mike Schnautz of the Elgin Police
Department, was patrolling the northbound lane of IH-35 in a marked patrol car. Sergeant Abbott testified that he was travelling at a speed of approximately 65 miles per hour when he
observed a red vehicle pass him at a high rate of speed. Sergeant Abbott paced the speed of the
vehicle at approximately 82 miles per hour. He observed the vehicle as it slowed to varying
speeds between approximately 73 and 78 miles per hour. As the speed of the vehicle began to
slow, an erratic driving pattern of drifting from lane to lane also began. Sergeant Abbott activated
his overhead lights to initiate a traffic stop. In response, the vehicle being driven by appellant
accelerated to a speed of approximately 90 miles per hour while continuing to weave between
lanes. In a second attempt to get appellant's attention, Sergeant Abbott activated his siren. The
vehicle slowed but continued travelling northbound on IH-35. In a third and final attempt to get
appellant's attention, Sergeant Abbott turned on his spotlight and shined it into the rear of the
vehicle. Although, the speed of the vehicle had decreased, appellant continued to drive in an
erratic manner. After travelling two miles, receiving three consecutive signals to stop, and
passing several appropriate locations in which to stop, appellant finally pulled over and came to
a stop.

 Sergeant Abbott and Sergeant Schnautz testified that they did not immediately
approach the vehicle because it did not appear to be at a complete stop. Further, both officers
testified that because of the nature of the stop, they were very cautious in their approach to the
vehicle. Sergeant Abbott made initial contact with appellant in an attempt to review appellant's
driver's license and proof of financial responsibility. Sergeant Abbott testified that while
obtaining these documents, he could smell the odor of alcohol and noticed that appellant's speech
"appeared or seem[ed] to be somewhat slurred." It was at this point that the officer began to
suspect that appellant could be intoxicated. Sergeant Abbott testified that he then asked appellant
to step to the rear of the vehicle to perform a series of sobriety tests.

 Based upon appellant's performance on six separate field sobriety tests, both
officers concluded that appellant was in fact intoxicated. Appellant was subsequently arrested for
driving while intoxicated. 



DISCUSSION


 Contending that the trial court reversibly erred in refusing his requested charge
concerning the invocation of his right to counsel and failing to instruct the jury to disregard
evidence concerning probable cause, appellant challenges his conviction for driving while
intoxicated. In pursuing his challenge, appellant specifically contends that the trial court
reversibly erred in 1) refusing to instruct the jury that an invocation of the right to counsel is no
evidence of guilt, and 2) failing to instruct the jury to disregard evidence if it did not find that the
arresting officer acquired probable cause to believe that a DWI offense was being committed. 


 The importance of proper instructions in the trial judge's charge to the jury is
apparent in the context of the division of responsibilities between judge and jury in a jury trial.
Abdnor v. State, 871 S.W.2d 726, 730 (Tex. Crim. App. 1994). In Williams v. State, 547
S.W.2d. 18, 20 (Tex. Crim. App. 1977), the Court of Criminal Appeals explained that "the law
must come from the court, the facts must be decided by the jury, and the charge, to instruct the
jury properly, must apply the law to the facts raised by the evidence." See also Daniels v. State,
633 S.W.2d 899 (Tex. Crim. App. 1982). Hence the function of the jury charge is to instruct the
jury on applying the law to the facts. Abdnor, 871 S.W.2d 726 at 731. Further, because the
charge is so essential to the jury's deliberations, "[i]t is clear that a charge must include an
accurate statement of the law." Cane v. State, 698 S.W.2d 138 (Tex. Crim. App. 1985). 

 In the instant case, we conclude that no error has occurred. During the direct
testimony of Sergeant Abbott, he recounted that following arrest, appellant stated that "he wanted
his lawyer before he did anything." A review of the record reveals that appellant failed to object
to the admission of this testimony. Moreover, appellant twice elicited additional testimony
regarding his invocation of right to counsel during the cross-examination of Sergeant Abbott. 
Typically, unobjected-to trial error is waived and no error is preserved for appeal. Zillender v.
State, 557 S.W.2d 515 (Tex. Crim. App. 1977); Tex. R. App. P. 52(a). The party opposing
evidence has the burden of objecting and requesting any limiting instruction at the introduction
of the evidence. Garcia v. State, 887 S.W.2d 862, 878 (Tex. Crim. App. 1994). Once the
evidence has been received without a proper limiting instruction, it becomes part of the general
evidence in the case and may be used as proof to the full extent of its rational persuasive power. 
See 1 Edward W. Cleary et. al., McCormick on Evidence 4th Ed. § 54 (1992). Once admitted,
the fact that evidence might have been inadmissible for certain purposes if the proper objection
had been made does not limit its use. Id. Hence, we conclude that because appellant failed to
object to the admission of the testimony regarding his invocation of a right to counsel, he may not
now complain of error caused by such admission. To allow appellant such opportunity would
require that the court instruct the jury to disregard testimony that appellant himself has introduced. 
Appellant's first point of error is overruled.

 In a second point of error, appellant urges that the trial court erred by failing to
instruct the jury to disregard evidence if it did not find that the arresting officer acquired probable
cause to believe that a DWI offense was being committed. The crux of appellant's argument
focuses on the testimony of Sergeant Abbott that prior to and at the time of appellant's arrest, he
did not know the legal definition of intoxication. Appellant therefore asserts that the officer's
testimony on this issue raises the question of whether appellant's arrest was based on probable
cause.

 Because the test for probable cause is purely objective, the arresting officer's
understanding of the legal definition of intoxication is irrelevant. See Crittendon v. State, 899
S.W.2d 668 (Tex. Crim. App. 1995) (where reasonable suspicion or probable cause exists to
believe that criminal activity is afoot, subjective reason for seizure is irrelevant); Warrick v. State,
634 S.W.2d 707 (Tex. Crim. App. 1982) (arrest for the "wrong" offense). Moreover, Article
38.23(a) of the Texas Code of Criminal Procedure requires the jury to decide the lawfulness of
an arrest or search only when the facts regarding that arrest or search are in controversy. Thomas
v. State, 723 S.W.2d 696, 707 (Tex. Crim. App. 1986); Mars v. State, 647 S.W.2d 286, 289
(Tex. Crim. App. 1983). In cases where there is no factual dispute concerning probable cause,
no instruction is required. Gaffney v. State, 575 S.W.2d 537, 542 (Tex. Crim. App. 1978); Bell
v. State, 886 S.W.2d 284, 287 (Tex. App.-- Houston [1st Dist.] 1993 no pet.). 

 In the instant case, the record objectively supports a finding of probable cause for
appellant's arrest for driving while intoxicated. Further, the facts surrounding appellant's arrest
and the finding of probable cause to arrest were undisputed. Where no issue of fact is raised by
the evidence, the court acts properly in refusing a request to charge the jury. Jordan v. State, 562
S.W.2d 472 (Tex. Crim. App. 1978). Accordingly, appellant's second point of error is
overruled. 



CONCLUSION


 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: February 7, 1996

Do Not Publish



bdnor, 871 S.W.2d 726 at 731. Further, because the
charge is so essential to the jury's deliberations, "[i]t is clear that a charge must include an
accurate statement of the law." Cane v. State, 698 S.W.2d 138 (Tex. Crim. App. 1985). 

 In the instant case, we conclude that no error has occurred. During the direct
testimony of Sergeant Abbott, he recounted that following arrest, appellant stated that "he wanted
his lawyer before he did anything." A review of the record reveals that appellant failed to object
to the admission of this testimony. Moreover, appellant twice elicited additional testimony
regarding his invocation of right to counsel during the cross-examination of Sergeant Abbott. 
Typically, unobjected-to trial error is waived and no error is preserved for appeal. Zillender v.
State, 557 S.W.2d 515 (Tex. Crim. App. 1977); Tex. R. App. P. 52(a). The party opposing
evidence has the burden of objecting and requesting any limiting instruction at the introduction
of the evidence. Garcia v. State, 887 S.W.2d 862, 878 (Tex. Crim. App. 1994). Once the
evidence has been received without a proper limiting instruction, it becomes part of the general
evidence in the case and may be used as proof to the full extent of its rational persuasive power. 
See 1 Edward W. Cleary et. al., McCormick on Evidence 4th Ed. § 54 (1992). Once admitted,
the fact that evidence might have been inadmissible for certain purposes if the proper objection
had been made does not limit its use. Id. Hence, we conclude that because appellant failed to
object to the admission of the testimony regarding his invocation of a right to counsel, he may not
now complain of error caused by such admission. To allow appellant such opportunity would
require that the court instruct the jury to disregard testimony that appellant himself has introduced. 
Appellant's first point of error is overruled.

 In a second point of error, appellant urges that the trial court erred by failing to
instruct the jury to disregard evidence if it did not find that the arresting officer acquired probable
cause to believe that a DWI offense was being committed. The crux of appellant's argument
focuses on the testimony of Sergeant Abbott that prior to and at the time of appellant's arrest, he
did not know the legal definition of intoxication. Appellant therefore asserts that the officer's
testimony on this issue raises the question of whether appellant's arrest was based on probable
cause.

 Because the test for probable cause is purely objective, the arresting officer's
understanding of the legal definition of intoxication is irrelevant. See Crittendon v. State, 899
S.W.2d 668 (Tex. Crim. App. 1995) (where reasonable suspicion or probable cause exists to
believe that criminal activity is afoot, subjective reason for seizure is irrelevant); Warric