Certiorari to review a judgment of the Court of Claims in a suit brought under special jurisdictional acts, as amended, for claims arising out of Indian treaties and agreements or Acts of Congress relating to Indian affairs; application of gratuities as offsets.
The judgment of the Court of Claims was reversed November 5, 1945, and the case remanded for further proceedings in conformity with the opinion of the Supreme Court, as follows:

Per curiam,:

The Chickasaw Nation asks certiorari to review a judgment of the Court of Claims, 108 Ct. Cls. 1, dismissing its suit for moneys allegedly owing to it by the United States. Some of petitioner’s claims were denied below, but others, totalling $22,858.78, were allowed. Against this amount the court below, applying section 2 of the Act of August 12,1935,49 Stat. 571, 596, offset a like amount which the court found to have been gratuitously expended by the United States for the benefit of the Nation. The findings listed various items of gratuity expenditures totalling $69,920.39. But the judgment did not specify which of these items were being applied as offsets to the claims allowed. Instead, all of the offset items were treated as commingled in a single gratuity fund upon which the Government might draw for the discharge of its obligations, as upon a bank account.
In Seminole Nation v. United States, 316 U. S. 286, 308, we pointed out that the gratuity items which have been used as statutory offsets to Indian claims against the Government should be specifically designated in the judgment. When that course is not followed, *859 Indian claimants desirous of challenging the allowed offsets on appeal must be prepared to, attack all the items which make up the fund, however much it may exceed their claims. Moreover, such a judgment, by leaving unidentified the particular gratuities which have been applied as offsets, necessarily adjudicates the validity for that purpose of all, since it makes all proportionately applicable as offsets. There is no reason why Indian claimants should be required in some subsequent suit to meet the defense that gratuity items whose offset was not necessary to the result in an earlier case have nevertheless been there finally adjudicated to be valid offsets, or why this Court, in reviewing the earlier judgment, should be required to pass on the validity of such items as offsets. When specified items of gratuity are allocated as offsets, other items, included in the findings but not applied as offsets, do not affect the judgment, their validity as offsets need not be reviewed on appeal, and they create no estoppel for future cases.
The gratuity items included among the findings below as available for offset are there described as “incorporated by reference” from findings in a “companion case” decided by the Court of Claims on the same day (Chickasaw Nation v. United States, 103 Ct. Cls. 45, petition for certiorari denied October 15, 1945, No. 169 this term, infra p. —), in which none of the gratuities found were used, nothing having been found due from the United States on the claims there advanced. The petition before us makes no objection to this procedure, and in view of the failure to apply such items as offsets in the companion case, we assume that their validity as such was open to objection in the present suit. We only conclude that the judgment here should be in such form as not to compel unnecessary adjudication of such objections on appeal, or unnecessarily to foreclosure consideration of such objections to the use of these items as offsets in some future litigation.
The petition for writ of certiorari is granted, limited to the question whether the particular gratuity items necessarily used as offsets should be designated by the judgment. The judgment is reversed and the cause remanded to the Court of Claims for further proceedings in conformity to this opinion.