Johnny **ESPINOZA**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 18190.

United States Court of Appeals Fifth Circuit.

June 3, 1960.

Rehearing Denied July 1, 1960.

Robert A. Scardino, Houston, Tex., for appellant.

Robert C. Maley, Jr., Asst. U. S. Atty., Houston, Tex., William B. Butler, U. S. Atty., Houston, Tex., for appellee.

Before HUTCHESON, BROWN and WISDOM, Circuit Judges.

PER CURIAM.

Defendant (appellant here) was convicted in a trial before the District Court sitting without a jury of knowingly concealing and transporting narcotic drugs in violation of 21 U.S.C.A. § 174. He was sentenced to ten years. His conviction was based in part on the use in evidence of a quantity of narcotics found in his possession at the time of his arrest. Before trial, he moved to suppress that evidence, F.R.Crim.P. 41(e), 18 U.S.C.A., as having been secured through a search and seizure asserted to have been unlawful for two reasons. First, the arrest, to which the search and seizure was justified as being incidental, was illegal because it was made without a warrant. Second, the federal officers obtained the evidence from the defendant's mouth as he was attempting to swallow and destroy it by grabbing the defendant about the throat, choking him and attempting to pry open his mouth by placing pressure against his jaw and nose. After a hearing, the District Court found that the arresting officers had probable cause to arrest the defendant without a warrant and that no more force was used than was reasonably necessary under the circumstances. Accordingly, the Court held the search and seizure was incidental to a lawful arrest and over-

ruled the motion to suppress. That ruling is the basis of this appeal.

The arrest of the defendant, a well known narcotics violator, on the basis of information received from a previously reliable informant—that the defendant definitely would be carrying narcotics—occurred under circumstances which gave the agents "probable cause" within the meaning of the Fourth Amendment and "reasonable grounds" within the meaning of 26 U.S.C.A. § 7607[1] to believe that the defendant had committed or was committing a violation of the narcotics laws. Draper v. United States, 1959, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327. Therefore, the arrest and incidental search and seizure was lawful.

The subsequent circumstances under which the narcotics were taken does not change this. When the defendant was confronted by the officers, he immediately grasped a small package either from his pocket or from the car seat and put it in his mouth. The officers recognized this as an attempt to swallow and destroy what to the officers appeared to be—and was in fact—a quantity of narcotics. The District Court held that in the officers' efforts to retrieve the article and to see that relevant evidence was not destroyed, Abel v. United States, 1960, 326 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668, 685–686, "no more force was used than was necessary under the circumstances." King v. United States, 5 Cir., 1958, 258 F.2d 754, certiorari denied, 1959, 359 U.S. 939, 79 S.Ct. 652, 3 L.Ed. 2d 639; Blackford v. United States, 9 Cir., 1957, 247 F.2d 745, certiorari denied, 1958, 356 U.S. 914, 78 S.Ct. 672, 2 L.Ed.2d 586; cf. Rochin v. People of California, 1952, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183. We affirm.

Affirmed.

---

1. "The Commissioner * * * and agents, of the Bureau of Narcotics * * may—

"(2) make arrests without warrant for violations of any law of the United States relating to narcotic drugs * * * where the violation is committed in the presence of the person making the arrest or where such person has reasonable grounds to believe that the person to be arrested has committed or is committing such violation." 26 U.S.C.A. § 7607 (1959 Supp.).