**Edward DONLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41751.**

Court of Criminal Appeals of Texas.

Jan. 8, 1969.

Maxwell Bryant Stout, Austin, for appellant.

Tom Blackwell, Dist. Atty., Jack Placke, Asst. Dist. Atty., Austin, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is the unlawful possession of heroin; the punishment, 50 years.

Trial was before a jury on a plea of not guilty and the jury, having found appellant guilty, assessed the punishment.

The record reflects that under authority of a search warrant issued the afternoon before for the search of an apartment occupied by appellant, three officers of the Austin Police Department assigned to the Vice and Narcotics Detail went to the motel about 10:30 A.M. After observing apartment #3 from another apartment and seeing a known male narcotic addict and two females enter apartment #3, they proceeded to said apartment for the purpose of executing the warrant.

Sgt. E. L. Connor testified that someone in apartment #3 raised the venetian blinds and looked out the window. Knowing that they were recognized, he immediately kicked the door and entered the apartment. Upon entering he observed the addict he had seen enter the apartment running to the bathroom and saw appellant's back as he was standing in the shower stall in the bathroom.

Sgt. Connor testified that he pushed aside the addict, who had a $5.00 bill in one hand and a piece of cellophane paper in the other, as he went into the bathroom and further testified:

"Q. What was the defendant, Donley, doing in the bathroom?

"A. He was standing in the shower stall.

"Q. What was he doing as he stood?

"A. He just had his hands down to his sides, and he was trying to swallow.

"Q. Could you show the jury what you saw, and could you do it yourself?

"A. (Witness complied). In a manner similar to that, just a hard gesture of swallowing. I guess that is what you would call it.

"Q. And what did you do?

"A. I immediately grabbed him by the throat with my left hand and told him to spit out the object.

"Q. Did he do so?

"A. Yes, sir, he did.

"Q. How quickly?

"A. Oh, just almost immediately, I would say."

In the cellophane paper which appellant had in his mouth were five capsules containing a brown substance and a piece of a finger stall which were introduced in evidence as State's Exhibit 2. 43.3% of the .26 grams of brown substance in the capsules was shown by the testimony of Chemist and Toxicologist Wayne Merritt, of the Texas Department of Public Safety, to be heroin.

The sole ground of error is: "The Court erred in failing to exclude from the appellant's trial evidence obtained by an unconstitutional search of appellant's person."

Appellant points to the testimony of Sgt. Llewellyn wherein, on cross-examination, he was asked and answered:

"Q. So it is your testimony that Sergeant Connor had a strangle hold on the defendant, and he regurgitated it back up when he got the strangle hold on him. Is that true?

"A. That is correct, sir."

Sgt. Llewellyn had previously testified:

"At the time that I went into the bathroom, Sergeant Connor had Lee—I am sorry—Edward Donley by the throat, and told him to spit it out, at which time I had just got there, and he spit out a small package wrapped in cellophane, and I caught it before it hit the floor."

In support of his contention that the heroin was obtained by the use of such physical force and violence as to render the search of his person and seizure of the heroin unreasonable, appellant cites and relies upon the opinion of the Supreme Court of the United States in Rochin v. California, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183.

In Rochin the police officers illegally entered Rochin's apartment without a warrant. In the case at bar the officers had a valid warrant authorizing the search and the arrest.

In Rochin, the capsules had been swallowed and the officers, after unsuccessfully attempting to recover the capsules, took Rochin to a hospital where a doctor forcibly applied a stomach pump and thereby obtained incriminating evidence out of his stomach.

In the case at bar the officer prevented appellant from swallowing or destroying or secreting the contraband.

Johnson v. State, Tex.Cr.App., 397 S.W.2d 441, and Espinoza v. United States (5th Cir.) 278 F.2d 802, cert. denied, 364 U.S. 827, 81 S.Ct. 65, 5 L.Ed.2d 55, sustain our conclusion and the ruling of the trial judge that the amount of force used by Sgt. Connor was reasonable and not excessive and the evidence seized was admissible.

The judgment is affirmed.

WOODLEY, Presiding Judge.

DOUGLAS, J., not participating.