Felix M. HERNANDEZ

v.

The STATE of Texas, Appellee.

No. 52874.

Court of Criminal Appeals of Texas.

April 6, 1977.

---

Gerald H. Goldstein and George Whitfield Baugh, San Antonio (court-appointed), for appellant.

Ted Butler, Dist. Atty., Gordon V. Armstrong and Douglas C. Young, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for possession of heroin. Appellant was found guilty in a bench trial upon his plea of not guilty and his punishment was assessed at 20 years' confinement in the Texas Department of Corrections.

Appellant's sole complaint is that the manner in which the heroin was recovered "shocks the conscience." *Rochin v. California,* 342 U.S. 165, 172, 72 S.Ct. 205, 96 L.Ed. 183 (1952). His motion to suppress was overruled.

The record reflects that as two San Antonio police officers who were acting on a tip that appellant was in possession of heroin approached the appellant they "saw his hand come to his mouth and try to put something in his mouth . . .." Believing the appellant to be secreting the heroin that they had been informed he was in possession of, the two officers rushed the appellant and wrestled him to the ground. While one officer held appellant's arms, the other choked him until he spit out four balloons. Heroin was found in the balloons.

California decisions, *People v. Parham,* 60 Cal.2d 378, 33 Cal.Rptr. 497, 384 P.2d 1001 (1963); *People v. Sanders,* 268 Cal.2d 802, 74 Cal.Rptr. 350 (Cal.App.1969); *People v. Erickson,* 210 Cal.App.2d 177, 26 Cal.Rptr. 546 (Cal.App.1962); *People v. Taylor,* 191 Cal.App.2d 817, 13 Cal.Rptr. 73 (Cal.App. 1961); *People v. Brinson,* 191 Cal.App.2d 253, 12 Cal.Rptr. 625 (Cal.App.1961); *People v. Martinez,* 130 Cal.App.2d 54, 278 P.2d 26 (Cal.App.1955); *see also, People v. Bracamonte,* 15 Cal.3d 394, 124 Cal.Rptr. 528, 540 P.2d 634 (Cal.Sup.1975), notwithstanding, the law is well settled in this jurisdiction that when an officer has probable cause to believe that an offense is being committed in his presence, *see,* Article 14.01, V.A.C. C.P., he has the right to take reasonable measures to insure that the incriminating evidence is not destroyed and that reasonable physical contact is one of these measures. *McLeod v. State,* 450 S.W.2d 321 (Tex.Cr.App.1970); *Donley v. State,* 435 S.W.2d 518 (Tex.Cr.App.1969); *Johnson v. State,* 397 S.W.2d 441 (Tex.Cr.App.1965); *accord, Espinoza v. United States,* 278 F.2d 802 (5th Circuit), *cert. denied,* 364 U.S. 827, 81 S.Ct. 65, 5 L.Ed.2d 55 (1960).

Appellant's ground of error is overruled.

The judgment of the trial court is affirmed.