Affirmed and Memorandum Opinion filed April 6, 2006









Affirmed
and Memorandum Opinion filed April 6, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00956-CR

____________

 

RICKIE LOUIS BUQUO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 230th
District Court

Harris County, Texas

Trial Court Cause No. 988,732

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Rickie Louis Buquo, appeals the
trial court=s denial of his motion to suppress
evidence.  In two points of error, he
challenges the legality of the search of his person.  We affirm.








In the early morning hours of May 24,
2004, Harris County Deputy Constable Ben Katrib observed the front tire of a
newer-model Ford Focus almost hit a curb after the driver made a wide left
turn.  Deputy Katrib used his radar
equipment to determine the driver was traveling fifteen miles per hour over the
speed limit, and he stopped the car. 
Appellant, the driver and sole occupant of the vehicle, got out of the
car before Katrib approached.  According
to Deputy Katrib, appellant appeared Aextremely fidgety
and nervous@ and kept moving his hands around, rubbing
his face, and putting his hands in his pockets. 
Deputy Katrib told appellant to return to his seat, and repeatedly told
him to keep his hands still and out of his pockets.

Deputy Katrib returned to his vehicle to
run a check on the driver=s license number.  During this time, Katrib observed Aa lot of movement@ in the Ford
Focus.  Deputy Katrib walked back to the
Ford and asked appellant to get out and place his hands on the trunk.  Katrib performed a pat down search for
weapons and found none.  However, during
the pat down, Deputy Katrib smelled the strong odor of burnt marijuana.  When asked about the smell, appellant
explained that he had been at a friend=s house Aand they were
smoking marijuana.@ 
Deputy Katrib testified:  AAfter the burnt
marijuana smell was detected that=s when I decided
to go inside his pockets because I had the belief that he might have narcotics
on his person.@ 
Katrib reached into one of appellant=s pockets and
retrieved a pack of cigarettes with what he recognized as fresh leaf marijuana
residue inside.  He then reached into
appellant=s other pocket and retrieved a small
plastic wrapper containing black tar heroin. 
Deputy Katrib then placed appellant under arrest and conducted a search
of appellant=s car.

Appellant filed a motion to suppress the
heroin and other items found from the search of his person and vehicle.  At the hearing on the motion to suppress,
appellant argued that, although the deputy had the authority to detain,
question, and pat down his body to search for weapons, the intensive search of
his clothing was without consent, warrant, or probable cause.  He also argued that the smell of marijuana
alone does not give rise to probable cause to search beyond a Terry[1]
pat down, especially after he had provided an explanation for the smell.  The trial court denied appellant=s motion.  Appellant pled guilty to the state jail
felony of possession of less than one gram of heroin and was sentenced to one
year in jail pursuant to a plea bargain.








In his first point of error, appellant
claims the trial court erred by denying his motion to suppress evidence.[2]  In a closely related point of error,
appellant also contends the warrantless search of his person was unreasonable
and violated Article I, Section 9 of the Texas Constitution.  Appellant does not advance arguments directed
in support of specific points of error; but rather, makes four arguments in
support of his general request for a new trial. 
Accordingly, we will address appellant=s first and second
points together and examine each of his arguments in turn.

Specifically, appellant contends (1) the
length of his detention was unreasonable and exceeded the scope of the traffic
stop, (2) the State failed to sustain its burden to justify a search for
weapons, and (3) the warrantless search of his pockets exceeded the scope of
the limited Terry pat down, and (4) the search was not supported by
probable cause.[3]  Of these four arguments, the State contends
appellant has failed to preserve the first two for appeal.  We agree.








A motion to suppress is a specialized
objection to the admissibility of evidence. 
Porath v. State, 148 S.W.3d 402, 413 (Tex. App.CHouston [14th
Dist.] 2004, no pet.).  Therefore, it
must meet all of the requirements of an objection, that is, it must be timely
and sufficiently specific to inform the trial court of the complaint.  Id. 
An objection on one legal basis may not be used to support a different
legal theory on appeal.  Rezac v.
State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).  Appellant conceded in his motion to suppress
and at the subsequent hearing on the motion that the officer was within his
authority to detain, question, and conduct a pat down search for weapons.  Also, appellant never presented to the trial
court his argument that the length of his detention was unreasonable and
exceeded the scope of a valid traffic stop. 
Accordingly, he has waived his first two arguments.  Id. at 870B71.

We now turn to appellant=s remaining
contentions that the evidence should have been suppressed because the deputy=s warrantless
search of his pockets exceeded the scope of a Terry pat down and was not
supported by probable cause.

We review a trial court=s ruling on a
motion to suppress evidence for an abuse of discretion.  Villarreal v. State, 935 S.W.2d 134,
138 (Tex. Crim. App. 1996).  We consider
de novo issues that are purely questions of law, such as whether probable cause
existed.  Weems v. State, 167
S.W.3d 350, 354B55 (Tex. App.CHouston [14th
Dist.] 2005, pet. ref=d), petition for cert. filed, ‑‑‑
U.S.L.W. ‑‑‑ (U.S. Mar. 3, 2006) (No. 05‑9656).  At a suppression hearing, the trial court is
the exclusive trier of fact.  Id.  If the trial court=s ruling is
reasonably supported by the record and is correct on any theory of law
applicable to the case, it will be sustained. 
Id.  Because the trial
court did not make explicit findings of fact, we  review the evidence in a light most favorable
to the trial court's ruling.  See
State v. Ballard, 987 S.W.2d 889 (Tex. Crim. App. 1999).  At a hearing on a motion to suppress, the
accused bears the burden of rebutting the presumption that police conduct was
proper.  McGee v. State, 105
S.W.3d 609, 613 (Tex. Crim. App. 2003). 
This burden is satisfied by showing the search occurred without a
warrant.  Id.  The burden of proof then shifts to the
State to produce a warrant, or to prove the reasonableness of the disputed conduct.  Id.








The Texas Constitution does not prohibit
every search, only unreasonable searches. 
Tex. Const. art. I, ' 9; Reasor v.
State, 12 S.W.3d 813, 818 (Tex. Crim. App. 2000).  A warrantless search is reasonable and,
therefore, valid under the Texas Constitution if probable cause exists at the
time of the search and there are circumstances making the procurement of a
warrant impracticable.  Brown v. State,
481 S.W.2d 106, 109 (Tex. Crim. App. 1972). 
Probable cause is a Apractical,
nontechnical concept.@  Johnson
v. State, 171 S.W.3d 643, 648B49 (Tex. App.CHouston [14th
Dist.] 2005, pet. ref=d). 
It exists when reasonably trustworthy facts and circumstances within the
officer=s knowledge would
lead a person of reasonable prudence to believe that the instrumentality of a
crime or evidence of a crime will be found. 
Estrada v. State, 154 S.W.3d 604, 609 (Tex. Crim. App. 2005)
(quoting McNairy v. State, 835 S.W.2d 101, 106 (Tex. Crim. App.
1991)).  We look to the totality of the
circumstances to determine whether probable cause existed to substantiate a
warrantless search.  Amores v. State,
816 S.W.2d 407, 413 (Tex. Crim. App. 1991).

In his third argument, appellant contends
that as part of a Afrisk@ for weapons the
deputy went into appellant=s pocket and
removed a plastic wrapper containing heroin. 
The record shows, however, that this occurred only after the Terry
pat down for weapons had concluded, and the deputy was already assured that
appellant posed no threat to his safety. 
The search of appellant=s pockets,
therefore, was not conducted as part of a Terry search for weapons.  We overrule appellant=s contention and
proceed to address his final argument regarding whether the deputyr was
justified in searching appellant=s person.








A peace officer may arrest an offender
without a warrant for any offense committed in the officer=s presence or
view.  Tex.
Code Crim. Proc. Ann. art. 14.01(b) (Vernon 2005).  Therefore, if an officer, during a legitimate
detention, acquires probable cause to believe a more serious crime is being
committed in his presence, the officer is justified in conducting a
search.  Razo v. State, 577 S.W.2d
709, 711 (Tex. Crim. App. 1979 [Panel Op.]) (finding search of vehicle was
proper after officer detected strong odor of marijuana emitting from
trunk).  Several Texas courts have
recognized that the odor of marijuana can be a strong a factor in determining
whether a police officer has probable cause to search a person, vehicle, or
objects within the vehicle.[4]  At least one court has determined that the
smell of marijuana alone is sufficient to constitute probable cause to search a
person, vehicle, or objects within the vehicle. 
See Hitchcock
v. State, 118 S.W.3d
844, 851 (Tex. App.CTexarkana 2003, pet. ref=d) (finding odor of marijuana gave
officer probable cause to search appellant=s pockets following a Terry
pat down that revealed no weapons, and search was also proper due to the
presence of exigent circumstances in that appellant could destroy drugs in the
time it would take to procure a warrant).

Appellant contends the search was
unreasonable when considering the totality of the circumstances.  Hulit v. State, 982 S.W.2d 431, 436
(Tex. Crim. App. 1998) (plurality op.). He cites to State v. Steelman to
support his argument that A[t]he odor of
marijuana, standing alone, does not authorize a warrantless search and seizure
in a home.@  93
S.W.3d 102, 108 (Tex. Crim. App. 2002).  Steelman
does, in fact, hold that
odor alone does not authorize the warrantless search of a home.  Id.[5]  This does not mean, however, that the odor of
marijuana is not a significant factor when evaluating the existence of probable
cause.  Estrada, 154 S.W.3d at
608.








Here, the record shows appellant was
nervous and fidgety, he continued to place his hands in his pockets after being
told not to, he told Deputy Katrib he had been at a friend=s house that night
where Athey@ had smoked
marijuana, and Katrib smelled the strong odor of burnt marijuana directly on
appellant=s person while conducting a pat down
search for weapons.  We find from the
totality of the circumstances that Deputy Katrib=s search was
supported by probable cause.  Because the
deputy was also faced with the possibility that appellant could destroy
evidence in the time it would take to procure a search warrant, the intrusion
into appellant=s pockets was minimal when weighed against
the importance of preserving evidence of a crime.  See Hitchcock, 118 S.W.3d at 850B51 (quoting Hernandez
v. State, 548 S.W.2d 904, 905 (Tex. Crim. App. 1977)) (stating officer who
has probable cause to believe offense is being committed in his presence can
take reasonable measures to ensure evidence is not destroyed, and search of
vehicle=s occupants after
officer detected odor of marijuana in car was minimal intrusion when weighed
against need to preserve evidence); 
Moulden, 576 S.W.2d at 819 (stating on-the-stop warrantless searches
are a lesser intrusion upon individual=s privacy
expectations).  The trial court did not
abuse its discretion by denying appellant=s motion to
suppress evidence.

Accordingly, we overrule appellant=s first and second
points of error.  The judgment of the
trial court is affirmed.

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed April 6, 2006.

Panel
consists of Justices Hudson, Frost, and Seymore.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  Terry v. Ohio, 392 U.S. 1, 21 (1968).





[2]  The State
contends appellant has waived any complaint about the trial court=s refusal to suppress evidence by pleading
guilty.  We disagree.  The Texas Code of Criminal Procedure states
that a defendant may appeal issues raised by pretrial motion after that
defendant has pled guilty pursuant to a plea bargain, as appellant has
done.  Tex.
Code Crim. Proc. Ann. art. 44.02 (Vernon 1979).  A valid guilty plea does not waive a
defendant=s right to appeal unless the judgment of guilt is
rendered independently of the error asserted.  Young v. State, 8 S.W.3d 656, 666B67 (Tex. Crim. App. 2000).  Because the suppression of evidence was
material to appellant=s subsequent guilty plea and conviction, he has not
waived this complaint on appeal.  See
McKenna v. State, 780 S.W.2d 797, 800 (Tex. Crim. App. 1989) (stating
denial of motion to suppress is not immaterial to the validity of the guilty
plea and, thus, the tainted evidence contributed in some measure to the State=s leverage in plea bargaining).





[3]  Appellant
limits his fourth argument to a violation of 
the Texas Constitution only.





[4]  See Estrada,
154 S.W.3d at 609 (stating odor of illegal substance may be a factor used by
police to determine probable cause that offense has been or is being
committed); Isam v. State, 582 S.W.2d 441, 444 (Tex. Crim. App. [Panel
Op.] 1979) (finding sufficient probable cause to arrest appellant after
officers observed appellant smoking what appeared to be a marijuana cigarette
and smelled odor of marijuana when they approached vehicle); Ross v. State,
486 S.W.2d 327, 328 (Tex. Crim. App. 1972) (finding sufficient probable cause
to search after tire tool observed in back seat, strong odor of marijuana in
vehicle, and car=s two occupants appeared lethargic); Johnson v.
State, 146 S.W.3d 719, 723 (Tex. App.CTexarkana
2004, no pet.) (stating simultaneous pat down for weapons and search for drugs
is properly supported by probable cause because of odor of marijuana in
vehicle, appellant was only occupant, and officer knew appellant to have been
involved with illegal drugs for some time); Small v. State, 977 S.W.2d
771, 774  (Tex. App.CFort Worth  1998,
no pet.) (finding odor of marijuana sufficient to constitute probable cause to
search outer clothing for contraband after officer noticed appellant=s furtive hand movement toward his trousers where
drugs were concealed); Howard v. State, No. 14-99-00913-CR, 2000 WL
991857, at *4 (Tex. App.CHouston [14th Dist.] 2000, no pet.) (not designated
for publication) (finding strong odor of marijuana, discovery of marijuana
cigarette on front seat, and appellant=s
admission there was more marijuana in the car gave officer probable cause to
search entire vehicle); Hudson v. State, No. 01-97-01213-CR, 1998 WL
862496, at *1 (Tex. App.CHouston [1st Dist.] 1998, pet. ref=d) (not designated for publication) (finding strong
odor of marijuana, zig-zag rolling papers on floorboard of vehicle, and bulge
in appellant=s crotch area constituted probable cause to search
appellant=s person for drugs).





[5]  The Texas
Court of Criminal Appeals found, in Moulden, that officers had probable
cause to search a vehicle and a bag inside the vehicle Aafter detecting the odor of burnt marijuana.@  Moulden v.
State, 576 S.W.2d 817,  820 (Tex.
Crim. App. 1978 [Panel Op.]).  The Moulden
opinion distinguishes between a constitutional preference for warrants and
what Aspecific facts, observations, or circumstances@ constitute probable cause; it also found the
necessary exigent circumstance was present due to the mobility of the vehicle
searched.  Id. at 819.