[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 12, 2010
JOHN LEY
CLERK

No. 10-10443
Non-Argument Calendar

_____

D. C. Docket No. 6:08-cv-00845-ACC-GJK

ROBERT GERMAN,

Plaintiff-Appellant,

versus

STEVEN SOSA,
individually
BRIAN PAPARO,
individually,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 12, 2010)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff Robert German appeals the district court's grant of summary judgment in favor of Defendants Steven Sosa and Brian Paparo. German alleges that the Defendants violated several of his clearly established rights when they arrested him on July 18, 2006. The district court determined that the Defendants were entitled to qualified immunity with respect to German's claims for false arrest/imprisonment (counts 1 and 4), unnecessary/excessive use of force (counts 2 and 5), and malicious prosecution (counts 3 and 6). After reviewing the record and the parties' briefs, we agree and affirm the district court's decision.

We review the district court's grant of summary judgment *de novo*, drawing all facts and inferences in the light most favorable to the non-moving party. *Dryer v. Lee*, 488 F.3d 876, 879 (11th Cir. 2007). "Summary judgment is appropriate when 'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1085 (11th Cir. 2004) (quoting Fed. R. Civ. P. 56(c)).

"Qualified immunity protects municipal officers from liability in § 1983 actions as long 'as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Lewis v. City of West Palm Beach, Fla.*, 561 F.3d 1288, 1291 (11th Cir. 2009) (quoting

2

*Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727 (1982)). "To receive qualified immunity, the officer must first show that he acted within his discretionary authority." *Id.* Here, the officers were on-duty and were clearly acting within their discretionary authority; therefore, the burden shifts to German to show that qualified immunity should not apply. *See id.*

We use a two-step process to determine whether qualified immunity applies to the Defendants' actions. *Id.* (citing *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151 (2001)). One step involves determining whether the officer's conduct amounted to a constitutional violation; the other involves determining whether the right violated was "clearly established" at the time of the violation. *Id.* The order of the inquiry is fluid, giving us the flexibility to determine that the right violated was not clearly established without discussing whether a constitutional violation occurred at all. *Id.* (citing *Pearson v. Callahan*, 555 U.S.___, 129 S. Ct. 808 (2009).

"A right may be clearly established for qualified immunity purposes in one of three ways: (1) case law with indistinguishable facts clearly establishing the constitutional right; (2) a broad statement of principle within the Constitution, statute, or case law that clearly establishes a constitutional right; or (3) conduct so egregious that a constitutional right was clearly violated, even in the total absence

3

of case law." *Id.* at 1291-92 (internal citations omitted). We now apply these standards to each of German's claims to determine whether the Defendants are entitled to qualified immunity.

I.      False Arrest/Imprisonment (Counts 1 and 4)

German first argues that the district court erred in granting qualified immunity to the Defendants on German's false arrest claim. We agree with the district court that the Defendants should be granted qualified immunity on this claim because they had probable cause, or at least arguable probable cause, to arrest German. "The existence of probable cause at the time of arrest . . . constitutes an absolute bar to a section 1983 action for false arrest." *Case v. Eslinger*, 555 F.3d 1317, 1326-27 (11th Cir. 2009) (citations and quotation marks omitted). In addition, "[q]ualified immunity . . . protects officers who 'reasonably but mistakenly conclude that probable cause is present.'" *Garczynski v. Bradshaw*, 573 F.3d 1158, 1167 (11th Cir. 2009) (citations and quotation marks omitted). "To determine whether arguable probable cause exists, courts must look to the totality of the circumstances." *Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). "Arguable probable cause exists where reasonable officers in the same circumstances and possessing the same knowledge as the Defendants could have believed that probable cause existed to arrest Plaintiff." *Brown v. City of*

4

*Huntsville, Ala.*, 608 F.3d 724, 734 (11th Cir. 2010) (internal quotation omitted).

"Whether a particular set of facts gives rise to probable cause or arguable probable cause for arrest depends . . . on the elements of the crime." *Crosby v. Monroe County*, 394 F.3d 1328, 1333 (11th Cir. 2004). Here, German was arrested for violating Florida Statute § 843.02, the elements of which require that "(1) the officer was engaged in the lawful execution of a legal duty; and (2) the action by the defendant constituted obstruction or resistance of that lawful duty." *Davis*, 451 F.3d at 764. Defendant Sosa claims that he saw cannabis in German's mouth, and that he believed German was resisting him by chewing and swallowing what he believed was evidence of a crime. German has provided no evidence either that Sosa did not possess these beliefs, or that these beliefs were objectively unreasonable based on the totality of the circumstances. Thus, Defendants had at least arguable probable cause to arrest German. *Brown*, 608 F.3d at 734. We therefore agree with the district court that Defendants are entitled to qualified immunity on the false arrest/false imprisonment claims.

II.     Excessive Force (Counts 2 and 5)

German next claims the district court erred in granting the Defendants qualified immunity on his unnecessary and excessive use of force claims. When evaluating an excessive force claim, courts analyze the particular facts of each

5

case to "determine whether the force used was justified under the totality of the circumstances." *Garczynski*, 573 F.3d at 1166 (citing *Graham v. Connor*, 490 U.S. 386, 396, 109 S. Ct. 1865, 1872 (1989)). Under *Graham*, the factors used to determine reasonableness include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396, 109 S. Ct. at 1872. "[T]he reasonableness inquiry in an excessive force case is an objective one: the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Garczynski*, 573 F.3d at 1166-67 (internal quotation marks omitted).

German appears to claim that two actions in particular taken by the Defendants constituted unnecessary or excessive force. First, he objects to Defendant Sosa's application of force by "put[ting] his hand around German's throat and slamm[ing] him against the car." Second, he objects to Defendant Paparo's use of a taser. We agree with the district court that neither application of force violated any clearly established right, and that Defendants are entitled to qualified immunity on German's unnecessary or excessive force claims.

First, Defendant Sosa did not use excessive force when he attempted to

6

prevent German from swallowing what Sosa believed to be cannabis. It is constitutional for officers recognizing an attempt to swallow and destroy what appears to be narcotics to hold the suspect's throat and attempt to pry open the suspect's mouth by placing pressure against his jaw and nose. *See Espinoza v. United States*, 278 F.2d 802, 804 (5th Cir. 1960).[1] As we have already determined, German has provided no evidence that Sosa's belief that German was attempting to swallow cannabis was unreasonable; therefore, Sosa did not violate a clearly established right in his use of force to attempt to stop German from swallowing the evidence.

Second, we also cannot say that Defendant Paparo violated a clearly established right when he tased German. No case, statute, or principle within the Constitution provides the necessary precedent to clearly establish the rights German claims were violated by the Paparo's use of a taser. Thus, qualified immunity applies in this case unless German can show that the Defendants' actions were so egregious and unacceptable so as to have blatantly violated the Constitution. *See Lewis*, 561 F.3d at 1292. This standard is only met when "every reasonable officer would conclude that the excessive force used was plainly

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to September 30, 1981.

7

unlawful." *Id.* (citing *Priester v. City of Riviera Beach, Fla.*, 208 F.3d 919, 926-27 (11th Cir. 2000)).

This standard is not met in this case. As discussed above, the officers believed German was attempting to destroy evidence, and that he was resisting orders and attempting to flee or resist arrest by jumping in the car. We agree with the district court that it would not be clear to every reasonable officer that the force used was excessive under the circumstances.[2] Therefore, the Defendants did not violate a constitutional right that was clearly established when they tased German. Accordingly, the district court was correct to grant the Defendants qualified immunity on German's unnecessary and excessive force claims.

III.    Malicious Prosecution (Counts 3 and 6)

Finally, German argues that the district court erred in granting qualified immunity and summary judgment to the Defendants on German's malicious prosecution claims. "To establish a federal malicious prosecution claim under § 1983, a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of her Fourth Amendment right to be free from unreasonable seizures." *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th

---

[2]    In fact, as Defendants point out, we previously held in *Draper v. Reynolds*, 369 F.3d 1270 (11th Cir. 2004), that an officer's use of a taser gun against a suspect resisting arrest during a traffic stop did not constitute excessive force. *Id.* at 1278.

Cir. 2004). Common law malicious prosecution comprises six elements under Florida law:

> (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding.

*Id.* (citing *Durkin v. Davis*, 814 So. 2d 1246, 1248 (Fla. 4th DCA 2002)).

Because we agree with the district court that the Defendants had probable cause to arrest German, German has not proved the fourth element of common law malicious prosecution, and therefore this claim fails. Thus, the Defendants are entitled to qualified immunity and summary judgment on German's malicious prosecution claims.

For the foregoing reasons, we affirm the district court's grant of qualified immunity and summary judgment to the Defendants on German's claims for false arrest/imprisonment, unnecessary and excessive use of force, and malicious prosecution.

AFFIRMED.[3]

---

[3] Appellant's request for oral argument is DENIED.