

# NUMBER 13-12-00214-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOSE ARMANDO GARCIA,                                             Appellant,

v.

THE STATE OF TEXAS,                                             Appellee.

## On appeal from the 156th District Court
## of Live Oak County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Longoria
### Memorandum Opinion by Justice Rodriguez

Appellant, Jose Armando Garcia, challenges his conviction for possession of a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2010). By one issue, appellant argues that the trial court abused its discretion in denying his motion to suppress.   We affirm.

## I. Background

Appellant was indicted for possession of a controlled substance in connection with the discovery by a Texas Department of Public Safety (DPS) officer of cocaine on appellant's person during a traffic stop. *See id.* Appellant filed a motion to suppress, alleging that the incriminating evidence was obtained without probable cause or reasonable suspicion particularized to appellant.

At the hearing on the motion to suppress, DPS Officer C.J. Villarreal testified that he stopped a brown, Chevrolet pick-up for driving sixty-eight miles per hour in a sixty-five miles per hour speed zone. As he approached the vehicle and the driver opened the car door, Officer Villarreal identified a strong smell of burnt marihuana. According to Officer Villarreal, as the driver exited the vehicle, he noticed the driver adjust a small bulge in his stomach area. Officer Villarreal searched the driver and discovered the bulge to be marihuana. The driver was arrested by an assisting officer.

Officer Villarreal testified that he next approached appellant, who was still sitting in the vehicle. While appellant was still in the vehicle, Officer Villarreal noticed a small bulge and cellophane peeking out of the fifth pocket of appellant's jeans. Officer Villarreal testified that he has learned in his twelve years of police experience that the fifth pocket is commonly used to store contraband. Officer Villarreal ordered appellant to exit the vehicle, at which point he removed the bulging object from appellant's fifth pocket and discovered it to be 1.86 grams of cocaine. Appellant was then taken into custody.

After Officer Villarreal's testimony and argument by counsel, the trial court made the following finding:

So at this time unless I have other authority based on the vehicle, and then we got the smell of marijuana, the defendant being asked to leave the car and the fact that he had a bulge in his pocket after the driver had marijuana I believe does rise to the level that would be needed to have the defendant — person searched without a warrant.

The trial court then denied appellant's motion to suppress. Appellant pleaded guilty and, pursuant to a plea agreement, was sentenced to five years' incarceration. This appeal followed.

## II. Standard of Review and Applicable Law

Whether the trial court properly denied a defendant's motion to suppress is reviewed under a bifurcated standard of review. *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007); *Scardino v. State*, 294 S.W.3d 401, 405 (Tex. App.—Corpus Christi 2009, no pet.). The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007). We give almost total deference to a trial court's determination of historical facts and mixed questions of law and fact that rely upon the credibility of a witness, but we apply a de novo standard of review to pure questions of law and mixed questions that do not depend on credibility. *Martinez v. State*, 348 S.W.3d 919, 922–23 (Tex. Crim. App. 2011). We must uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007).

The Fourth Amendment of the United States Constitution guarantees:

the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath

3

or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV. The issue of whether a search or seizure is reasonable under the Fourth Amendment is measured in objective terms by examining the totality of the circumstances, balancing the public interest served and the individual's right to be free from arbitrary detentions and intrusions. *Kothe v. State*, 152 S.W.3d 54, 62–63 (Tex. Crim. App. 2004).

"'[T]he law is well settled in this jurisdiction that when an officer has probable cause to believe that an offense is being committed in his presence . . . he has the right to take reasonable measures to insure that the incriminating evidence is not destroyed[,] and reasonable physical contact[, including a search of defendant's person,] is one of these measures.'" *Hitchcock v. State*, 118 S.W.3d 844, 850 (Tex. App.—Texarkana 2003, pet. ref'd) (quoting *Hernandez v. State*, 548 S.W.2d 904, 905 (Tex. Crim. App. 1977)) (other citations omitted). Probable cause exists where the police have trustworthy information that, considered as a whole, is sufficient to cause a reasonable person to believe a particular person has committed or is committing an offense. *Hughes v. State*, 24 S.W.3d 833, 838 (Tex. Crim. App. 2000). "Though the concept evades precise definition, [probable cause] involves 'a reasonable ground for belief of guilt' that is 'particularized with respect to the person to be searched or seized.'" *Baldwin v. State*, 278 S.W.3d 367, 371 (Tex. Crim. App. 2009) (quoting *Maryland v. Pringle*, 540 U.S. 366, 370–71 (2003)).

### III. Discussion

By one issue, appellant argues that the trial court erred in denying his motion to

suppress because Officer Villarreal did not have sufficient facts, particularized to appellant, to justify the search of his person.

In this case, there is no controversy over the relevant facts, which clearly constituted trustworthy information from which Officer Villarreal could conclude that appellant had been or was committing a crime. *See Hughes*, 24 S.W.3d at 838. We first note that the odor of marihuana coming from a car is, alone, sufficient to give an officer probable cause particularized to every person in the car. *See Jordan v. State*, 394 S.W.3d 58, 64 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (citations omitted). But here, there was more than the mere odor of marihuana. Officer Villarreal also directly observed a bulge and cellophane peeking out of appellant's fifth pocket, which was a clear signal to someone with Officer Villarreal's twelve years of experience that appellant very likely had drugs in that pocket. In short, Officer Villarreal was in possession of facts, particularized to appellant, that gave him reasonable grounds to believe that appellant was guilty of possession of drugs. *See Baldwin*, 278 S.W.3d at 371. And under the circumstances, searching appellant and recovering the cocaine from his pocket was a reasonable, minimally invasive measure to ensure that the incriminating evidence was not destroyed. *See Hitchcock*, 118 S.W.3d at 850–51 (holding that where the officer had probable cause that the driver and passenger of a car had drugs on their persons, his immediate search of them was a justified, minimally invasive means to preserve the evidence); *see also Jordan*, 394 S.W.3d at 64–65. Viewing the totality of the circumstances, we conclude that Officer Villarreal's probable cause determination was objectively reasonable and justified his search of appellant's

person.  *See Kothe*, 152 S.W.3d at 62–63.

In our review, we must uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case.  *See Stevens*, 235 S.W.3d at 740.  In this case, the trial court's ruling was supported by the undisputed facts and correct under the law, and there was therefore no error in the denial of appellant's motion to suppress.  Appellant's issue is overruled.

## IV.  Conclusion

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
27th day of June, 2013.